

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 26, 1947

Hon. Looney E. Lindsey        Opinion No. V-104
County Attorney
Upshur County                Re:   Authority of justice
Gilmer, Texas                      court and municipal
                                   court in State Highway
                                   law violations within
                                   corporate limits of
Dear Mr. Lindsey:                  municipality.

Your request for an opinion of this department, regarding the above-captioned subject, has been referred to the writer for reply. We quote from your request in part as follows:

"I would like an interpretation of Article 827a, Section 12 of the Penal Code, which has to do with stop signs placed at junctions of main traveled highways.

"My specific case is that within the city limits of Gilmer, Texas, State Highway No. 154 and U. S. Highway No. 271 cross at right angles. The junction is one block off the town square.

"The State Highway Department has placed stop signs against traffic of both highways.

"The question is, 'may violators of these stop signs be proceeded against in justice court or must they be proceeded against in city court?'

"The city of Gilmer is incorporated and has a population of approximately thirty-five hundred (3500). The State Highway Department constructed these highways to the town square, and I understand does the maintenance on them.

"At the time one of these highways was constructed the City and the Highway Department entered into a contract whereby the Department agreed to construct said highway.

In this contract there is a provision read-
ing: 'It is understood and agreed between
the parties hereto that the city, by virtue
of the provisions of its charter and the
laws of the State of Texas, has exclusive
control of and jurisdiction of all streets
and public ways within the incorporated
limits of said city, and the city has re-
quested and has consented to the construc-
tion of the street project hereinabove named,
and the State, in the construction of the
above-named street project, does so at the
special instance and request of the city.
The location, grades and manner of the con-
struction being shown on plans attached
hereto marked Exhibit 'A' and made a part
thereof. The State Highway Department of
the State of Texas acts as the agent of the
city in the construction of the street pro-
ject thereof.'"

Article 62, Texas Code of Criminal Procedure,
provides:

"A corporation court in each incorporated
city, town or village of this state shall
have jurisdiction within the corporate limits
of all criminal cases arising under the ordi-
nances of such city, town or village, and
shall have concurrent jurisdiction with any
justice of the peace in any precinct in which
said city, town or village is situated, in all
criminal cases arising under the criminal laws
of this State, in which punishment is by fine
only, and where the maximum of such fine may
not exceed two hundred ($200.00) dollars, and
arising within such corporate limits."

Section 118, Volume 12, Texas Jurisprudence,
page 396, after quoting the above statute reads as fol-
lows:

"This provision expressly gives corpora-
tion courts authority and jurisdiction to try
offenses arising out of violation of munici-
pal ordinances, and also to try offenses a-
rising under the general penal laws of the
State, within the limits prescribed. (Cit-
ing numerous authorities).

"Under the amendment to the Constitution giving the Legislature power to 'establish such other courts as it may deem necessary, and prescribe the jurisdiction and organization thereof.' and to 'conform the jurisdiction of the district and other inferior courts thereto,' (Constitution, Article 5, Section 1) the Legislature has power to give corporation courts jurisdiction to try persons for offenses against State laws. (Citing numerous authorities). In prosecution for offenses of this character, the corporation courts have jurisdiction concurrently with any justice of the peace in any precinct in which the city is situated, in all cases where the maximum fine does not exceed two hundred ($200.00) dollars, if the offense has been committed within the city limits; but the courts may not be given jurisdiction to try misdemeanor offenses punishable by imprisonment, at least cities operating under the home rule provision of the Constitution; nor may they be clothed with exclusive jurisdiction over infractions of State laws, to the exclusion of justice courts, or other courts created by the Constitution."

It is therefore the ruling of this department, that violators of State Highway laws within the corporate limits of the City of Gilmer might be prosecuted in either the justice court of your county, or the municipal court of the City of Gilmer, when the penalty shall not exceed two hundred ($200.00) dollars and no jail sentence is provided by statute.

## SUMMARY

The corporation court of the City of Gilmer has concurrent jurisdiction with the justice courts of Upshur County, of violations of State Highway laws within the corporate limits of the city, when the penalty shall not exceed two hundred ($200.00) dollars and no jail sentence is provided by statute. (Article 62, C. C. P.)

Trusting that the foregoing answers your questionnaires, we are

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Artie Stephens*

Artie Stephens
Assistant

AS:JMc:mrj

APPROVED MAR. 26, 1947

*Price Daniel*

ATTORNEY GENERAL